UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ROBERT BELL,                    )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 1:06-CV-144-LMB
                                )
TROY STEELE, et al.,            )
                                )
            Defendants.         )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Robert Bell (registration no. 526934) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on October 4, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $8.50, and an average monthly account balance of $.04. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355

U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and supplemental complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Missouri Department of Corrections employees Troy Steele, Larry Crawford, David Rost, Terry W. Moore, and Unknown Dunn. Plaintiff alleges that "the Dept.'s policy for indigents['] access to the court denied [him] and similarly situated inmates their const. right of access to the courts." Specifically, plaintiff claims that defendants failed to "provid[e] training for positions of inmates['] legal assistants," restricted his access to the law library to "5 1/2 hours one week and 8.15 hours the next week," forced him "to choose between purchasing hygiene supplies . . . and essential legal supplies,"[1] and failed

---

[1]Plaintiff states, "The policy at SECC is an inmate buys with his $8.50 draw once a month 'all legal supplies and then SECC will give the inmate 1 razor, 1 oz. toothpaste,' a single use bar of soap once a week with toilet paper roll 'an[d] nothing

3

to supply him with "ink pens, sheets of typing paper, typing ribbons, mailing envelopes, file folders, brief covers and binding and photocopies (free)."

Having carefully reviewed the complaint and supplement thereto, the Court concludes that the allegations do not state an access-to-the-courts claim, because plaintiff has not alleged that he suffered actual prejudice to a nonfrivolous legal claim.  See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.70 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon

---

more.'"

which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as <u>Robert Bell v. Troy Steele, Larry Crawford, David Rost, Terry W. Moore, and Unknown Dunn</u>.

An appropriate order shall accompany this order and memorandum.

Dated this <u> 19th </u> day of January, 2007.

<u>/s/Donald J. Stohr</u>
UNITED STATES DISTRICT JUDGE